IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$36,750.00 in UNITED STATES CURRENCY,<br><br>Defendant. | CV 20-102-GF-BMM<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT, AND ORDER OF FORFEITURE |

Plaintiff United States of America has filed a Motion for Entry of Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 13). Upon considering the pleadings filed herein, the Court enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On October 28, 2020, Plaintiff instituted a judicial forfeiture action by filing in this cause a Verified Complaint *In Rem* against the Defendant currency in the amount of $36,750.00, to forfeit property under 21 U.S.C. § 881(a)(6). (Doc. 1). The Verified Complaint asserts that the Defendant currency was furnished, or intended to be furnished, in exchange for a controlled substance, and/or was used, or intended to be used, to facilitate one or more violations of 21 U.S.C. §§ 841 *et seq.* and 843(b). *Id.*

2. This Court issued a Warrant of Arrest *In Rem* on October 30, 2020. (Doc. 4). On November 9, 2020, the U.S. Marshals Service executed the Warrant of Arrest, and arrested the Defendant currency. (Doc. 5).

3. On October 30, 2020, the United States provided "actual notice" of this civil asset forfeiture action, by mailing the Notice of Complaint for Forfeiture *In Rem* (Doc. 2) and Verified Complaint *In Rem* (Doc. 1) to Garrick Woolfolk, via first class U.S. mail and Certified mail, to the address provided in his administrative claim as well as the address provided by law enforcement. (Docs. 8-1, 8-2).

4. Notice of this forfeiture action also was provided to known and unknown potential claimants by publishing on the government's asset forfeiture website a "Notice of Forfeiture Action" for 30 consecutive days, beginning on November 3, 2020, and ending on December 2, 2020. (Doc. 6). The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (November 3, 2020) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter.

(Doc. 6-1).

5. Upon considering Plaintiff's Motion for Entry of Default of Known Potential Claimant, Garrick Woolfolk (Doc. 7) and the Declaration filed in support of

the Motion (Doc. 8), the Clerk of Court entered the default of Garrick Woolfolk on December 15, 2020, for failure to timely file a verified claim and/or to answer or otherwise defend as required by Supplemental Rule and G(5)(a) and (b). (Doc. 9).

6. Upon considering Plaintiff's Motion for Entry of Default of Unknown Potential Claimants (Doc. 10) and the Declaration filed in support of the motion (Doc. 11), the Clerk of Court entered the default of unknown potential claimants on January 5, 2021, for failure to timely file a verified claim and/or to answer or otherwise defend as required by Supplemental Rule G(5)(a) and (b). (Doc. 12).

7. The factual allegations set forth in paragraphs 4 through 32 of the Verified Complaint for Forfeiture *In Rem* are verified by Walt Tubbs, United States Postal Service Inspector. (Doc. 1).

## CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Plaintiff has filed a Verified Complaint for Forfeiture *In Rem* to forfeit the Defendant currency under 21 U.S.C. § 881(a)(6), as currency constituting monies or other things of value that were furnished or intended to be furnished in exchange for a controlled substance, and/or that were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq*.

9.  Pursuant to 28 U.S.C. §§ 1355(b)(l)(A) and 1395(b) or (c), venue is proper in this District because this is a civil proceeding to forfeit United States currency found in this District, and the complained-of acts or omissions occurred in this District.

10.  Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *See United States v. Real Property at 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

11.  The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the Defendant currency described in the Verified Complaint. The facts contained in the Verified Complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 21 U.S.C. §§ 841 *et seq.* and 843(b), and support imposition of forfeiture under 21 U.S.C. § 88l(a)(6).

12.  The totality of circumstances as set forth in the Verified Complaint *In Rem* demonstrates that there exists a substantial connection that the Defendant currency was furnished or intended to be furnished in exchange for a controlled substance, and/or was used or intended to be used to facilitate one or more

violations of 21 U.S.C. §§ 841 *et seq.* and 843(b).

13.     Plaintiff properly provided notice of this action to known potential claimant, Garrick Woolfolk, by giving "actual notice" by mailing the Verified Complaint *In Rem,* in accordance with Supplemental Rule G(4)(b)(v).

14.     Notice by publication also was provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

15.     In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of Court properly entered the default of known potential claimant Garrick Woolfolk and any unknown claimants. (Docs. 9 and 12).

16.     Pursuant to Fed. R. Civ. P. 55(6)(2) and 56(a), Plaintiff is entitled to entry of judgment of default against the Defendant currency in the amount of $36,750.00, as to any claims to the Defendant currency.

17.     Plaintiff is further entitled to an Order of Forfeiture of the Defendant currency in the amount of $36,750.00.

## ORDER

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.   Plaintiff is granted judgment against the Defendant currency in the amount of $36,750.00, and against any person asserting a claim to, or interest

in, the Defendant currency.

    2.    The Defendant currency consisting of $36,750.00 is hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 7th day of April, 2021.

_____
Brian Morris, Chief District Judge
United States District Court